**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-20263-CIV-SCOLA**

MASTEC RENEWABLES PUERTO RICO,
LLC,

    Plaintiff,

v.

MAMMOTH ENERGY SERVICES, INC. and
COBRA ACQUISITIONS, LLC,

    Defendants.
_____/

**JOINT STIPULATION REGARDING REMOTE DEPOSITIONS**
**AND FOR ENTRY OF AGREED ORDER APPROVING STIPULATION**

    IT IS HEREBY AGREED, by and between Plaintiff MasTec Renewables Puerto Rico, LLC and Defendants Mammoth Energy Services, Inc. and Cobra Acquisitions, LLC (collectively "Defendants") (each individually "a Party" and both collectively, "the Parties"), that the following provisions of this stipulation shall permit and govern remote depositions in the above-captioned action (the "Action"). The parties further stipulate to the entry of an agreed order approving and adopting this stipulation. The stipulation is based on the following and subject to the conditions set forth below:

    WHEREAS, pursuant to Rule 29(a) of the Federal Rules of Civil Procedure, the Parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified – in which event it may be used in the same way as any other deposition";

    WHEREAS, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, the Parties "may stipulate . . . that a deposition be taken by telephone or other remote means";

WHEREAS, the Parties may conduct certain depositions remotely in the Action, have agreed upon the means by which they will conduct depositions remotely, and wish to memorialize their agreement;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, pursuant to Federal Rules of Civil Procedure 29(a) and 30(b)(4) that:

1. The following procedures shall govern any deposition that the Parties agree to conduct remotely using videoconference technology ("Remote Deposition").

2. Remote Depositions will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. For the avoidance of confusion, in the event of a conflict between the notice periods listed in Federal Rule 32 and Local Rule 26.1, Local Rule 26.1 governs.

3. The deposition notice for any Remote Deposition shall identify the court reporting service that will host and record the Remote Deposition (the "Remote Deposition Vendor") and contain a general description of how deposition participants may access the Remote Deposition, specifically, a statement indicating that the Remote Deposition Vendor will email identified participants a link to access the deposition at least one calendar day beforehand.

4. The Remote Deposition will be hosted by the Remote Deposition Vendor's remote deposition platform. Hosting and co-hosting privileges will not be given to any participant aside from the Remote Deposition Vendor's personnel assigned to the proceeding. This paragraph does not prevent a witness from requesting and obtaining permission to scroll through an exhibit upon proper request.

5. The party noticing the Remote Deposition will instruct the Remote Deposition Vendor to register participants for the Remote Deposition in advance of the deposition based upon

lists of people the parties supply to each other and to the Remote Deposition Vendor. The parties shall endeavor to supply these names no later than two calendar day before the deposition. With the exception of the Remote Deposition Vendor and counsel for the parties, only people disclosed by the parties will be permitted to enter the Remote Deposition, which will require a password.

6. Prior to the commencement of any Remote Deposition, the deposition witness may participate in a training with the Remote Deposition Vendor to familiarize himself or herself with the Remote Deposition Vendor's remote deposition platform. Counsel for the witness may attend this training. Any deposition participant may request a separate training from the Remote Deposition Vendor prior to the commencement of a Remote Deposition.

7. The Parties agree to use Everest Court Reporting ("Everest") for court reporting, videoconference and remote deposition services. The Parties agree that one or more Everest employees may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, assist with the publication of exhibits, and administer the virtual breakout rooms.

8. The Parties agree that any video-recorded Remote Depositions taken in accordance with the agreed procedures herein may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing, and the Parties agree not to object to the use of the video recordings on the basis that the depositions were taken remotely and/or through an electronic, internet-based service. The Parties agree to use reasonable efforts to minimize technical disruptions. Notwithstanding the foregoing, in the event that the deponent, counsel, court reporter, and/or videographer experiences a technical malfunction that disrupts his or her audio and/or video during the deposition, the affected Party must raise any objection as to the portion of the deposition during which the affected Party's participation was impaired as soon as possible, but in no event

later than two weeks after the transcript of the deposition is made available. If additional time is needed to complete the deposition due to technical difficulties, the Parties agree to make the deponent whose deposition was interrupted available on another day to provide additional testimony not to exceed, when combined with the portion of the deposition previously completed, the greater of the agreed-upon, court-ordered, or seven-hour time limitation. The Parties do not waive their right to request additional testimony for any other reason, nor do the Parties waive any objections to any such request. The Parties reserve all other objections to the use of any deposition testimony at trial.

9. The deponent, court reporter, and counsel for the Parties may each participate in the Remote Deposition remotely and separately, and this arrangement shall not provide any basis for objection to the taking of the deposition or subsequent use by any Party of the deposition testimony. At least the deponent and the deposing and defending counsel attending a Remote Deposition shall be visible to all other participants, and all persons participating in the deposition shall strive to ensure their comments on the record are audible to all participants. The videographer will record only the deponent's screen during the deposition but not the screens of the taking or defending attorneys (or any other participants).

10. The Parties agree that for all Remote Depositions of non-party witnesses, every deposition participant shall participate remotely and no deposition participant shall be permitted to appear in person other than the witness's counsel. For all other Remote Depositions, the Parties agree that, if a witness's counsel intends to appear in person with the witness, then other deposition participants shall be permitted to appear in person.

11. No counsel or other participant in the deposition shall initiate a private conference, including but not limited to a communication by text message, electronic mail, or the chat feature

in the videoconferencing system, with any deponent while on the record, whether or not a question is pending. Nothing in this paragraph prohibits or prevents counsel for the deponent from conferring with the deponent during a break in the deposition, in a "breakout room" or otherwise. Nor does it prohibit or prevent the Parties' attorneys from communicating with each other by any means during the deposition, or from requesting, to the extent permitted by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida, a conference with the deponent.

12. The deponent is prohibited from turning off his or her microphone while on the record. The deponent may not use secondary screens, wireless screens, television screens, and other devices that can be connected remotely to the computer being used for the deposition audio and video feed, unless they are used only for the deposition feed. While on the record, each deponent shall close all documents, emails, browsers, programs and applications other than Everest's deposition feed on their computer. While on the record, the deponent shall also turn off his or her cell phone. The deponent shall move any cell phone or other electronic communication device out of reach.

13. The videographer shall actively monitor the framing of the deponent on the screen to attempt to replicate what it would be with an in-person deposition, including coverage of the witnesses from head to elbows, and with the deponent generally facing the camera, and instruct the witness to adjust his or her position and/or that of his or her computer camera accordingly. The deponent shall follow the instructions of the videographer, including regarding camera angle and background.

14. During breaks in the deposition, the Parties may (but are not required to) use the breakout room feature provided by Everest, which simulates a live breakout room through

videoconference. The breakout rooms shall be established by Everest and controlled by Everest. A conversation in a breakout room shall not be recorded, transcribed, or observed by anyone not specifically authorized by the Parties in the specific breakout room.

15. Remote Depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter may not be physically present with the witness whose deposition is being taken, and may not even be in the same state or country. The court reporter's transcript shall constitute the official record. Everest will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

16. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall administer the oath to the deponent at the start of the deposition through the videoconference. At or before this time, the deponent will be required to display government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record. Such a remote swearing-in shall have the same force and effect as if the oath had been administered in person, and is deemed to be an ongoing and continuing obligation to provide testimony in a truthful and honest manner under the penalty of perjury. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state, territory, or other location where the deponent is physically located during the deposition.

17. Exhibits used during Remote Depositions in the Action need not be presented to the deponent and attending counsel in hard copy and may instead be presented electronically, and

no Party may object to the admissibility of any material on the grounds that the material was presented in electronic form during a Remote Deposition.

19. Counsel may introduce exhibits electronically during the deposition, by using Everest's document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail. In the event that the Everest videographer and/or exhibit technician is charged with introducing exhibits through Everest's document-sharing or screen-sharing technology within the videoconferencing platform, such person is prohibited from sharing any exhibit with anyone else unless and until the deposing counsel asks that the exhibit be published to the witness and other attendees.

19. The Stipulation and [Proposed] Order Regarding Remote Depositions is expressly subject to the terms of the Stipulated Confidentiality and Protective Order in the case. Nothing in the Stipulation and [Proposed] Order waives any right under the Stipulated Confidentiality and Protective Order. Thus, the Parties, their counsel, and any other attendees of a Remote Deposition are permitted to retain and use any document or exhibit employed during the deposition only in a manner that is consistent with the Stipulated Confidentiality and Protective Order, and only those persons who are permitted pursuant to the Stipulated Confidentiality and Protective Order shall participate in, listen to, or view the remote deposition and/or its exhibits. For the avoidance of doubt, the court reporter shall be entitled to retain and use copies of any document or exhibit employed during a Remote Deposition in a manner consistent with the Stipulated Confidentiality and Protective Order and the reporter's duties in connection with the deposition.

20. The Parties shall bear their own costs in obtaining transcripts and/or video records of the deposition. The presumption is that the noticing Party is permitted to set the start time of the

deposition; however, the Parties will make best efforts to accommodate a reasonable and timely request made to adjust the start time if the deponent is in a time zone that differs from that of the taking or defending attorneys.

21. The Party that noticed the deposition shall provide Everest with a copy of this Stipulation and Order at least forty-eight hours in advance of the deposition.

22. The Parties agree to work collaboratively and in good faith with Everest to assess each deponent's technological abilities and to troubleshoot any issues at least forty-eight hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a Remote Deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

23. Every deponent shall endeavor to have technology sufficient to appear for a Remote Deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the deposition. Counsel for each deponent shall consult with the deponent prior to the deposition in a good-faith effort to ensure the deponent has, or to provide the deponent with, the required technology. In the case of third-party witnesses, counsel noticing the deposition shall endeavor to supply any necessary technology that the deponent does not have.

24. To the extent that a deponent is confronted with special circumstances that require accommodation, the Parties shall discuss in good faith reasonable options to proceed. No such option for accommodating the special circumstances of the deponent shall impose unreasonable

burdens on the deponent or others in the household or require the deposition to take place outside of normal business hours, absent consent of all Parties.

25. At least 24 hours prior to the commencement of the Remote Deposition, the Party that noticed the deposition must circulate an email to all persons identified as participants in the deposition establishing an alternative means of communication among the participants in the event that technical issues prevent them from communicating within the Remote Deposition Vendor's remote deposition platform, e.g., a telephone number.

26. The Parties agree that this Stipulation and Order, along with the Stipulated Confidentiality and Protective Order in this case, shall apply to Remote Depositions of non-parties under Rule 45, and agree to use reasonable efforts to cause such deponents and their counsel to agree to the protocols set forth therein. The Party noticing any third-party deposition shall provide this Stipulation and Order, along with the Stipulated Confidentiality and Protective Order, to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

27. Counsel noticing the Remote Deposition will make all necessary scheduling and logistical arrangements with the court reporter, videographer, and court reporting service, and ensure that all participants to the deposition receive the link to join the deposition and dial-in information for the audio feed. The Parties will provide, no later than twenty-four hours before the deposition, the names of all individuals who will participate in the deposition on their behalf by video or phone. The defending counsel will also provide the city and state where the deponent will be physically located for the deposition.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

| | |
|---|---|
| /s/*Benjamin Widlanski*<br>Benjamin Widlanski, Esq.<br>Florida Bar No. 1010644<br>bwidlanski@kttlaw.com<br>Jorge Piedra, Esq.<br>Florida Bar No. 88315<br>jpiedra@kttlaw.com<br>Rachel Sullivan, Esq.<br>Florida Bar No. 815640<br>rs@kttlaw.com<br>Tal J. Lifshitz, Esq.<br>Florida Bar No. 99519<br>tjl@kttlaw.com<br>**KOZYAK TROPIN &**<br>**THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, FL 33134<br>Telephone:   (305) 372-1800<br>Facsimile:    (305) 372-3508<br><br>*Counsel for Plaintiff MasTec Renewables Puerto Rico, LLC* | */s/ Gregory J. Trask*<br>Peter W. Homer<br>Florida Bar No. 291250<br>phomer@homerbonner.com<br>Gregory J. Trask<br>Florida Bar No. 0055883<br>gtrask@homerbonner.com<br>**HOMER BONNER JACOBS ORTIZ**<br>1200 Four Seasons Tower<br>1441 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305) 350-5100<br>Facsimile: (305) 372-2738<br><br>*Attorneys for Defendant Cobra Acquisitions*<br><br>Michael B. Carlinsky<br>Jacob J. Waldman<br>**QUINN EMANUEL URQUHART &**<br>**SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>michaelcarlinsky@quinnemanuel.com<br>jacobwaldman@quinnemanuel.com<br><br>Harry A. Olivar, Jr.<br>Kristen Bird<br>**QUINN EMANUEL URQUHART &**<br>**SULLIVAN, LLP**<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>harryolivar@quinnemanuel.com<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                  By: */s/ Gregory J. Trask*
                                                        Gregory J. Trask