United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MasTec Renewables Puerto Rico LLC, Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 20-20263-Civ-Scola |
| Mammoth Energy Services, Inc. and Cobra Acquisitions, LLC, Defendants. | ) ) ) ) |

**<u>Order Denying Motion to Stay</u>**

Plaintiff MasTec Renewables Puerto Rico LLC ("MasTec") seeks to recover damages from Defendant Cobra Acquisitions, LLC ("Cobra")[1] for projects it says Cobra diverted to itself, and away from MasTec, through a bribery scheme involving a Federal Emergency Management Administration official in the wake of Hurricane Maria in 2017. (Compl., ECF No. 1.) MasTec's remaining claim, against Cobra, is for tortious interference with a business relationship. Cobra now asks the Court to stay this case because of pending criminal proceedings against two non-parties who Cobra claims are "material percipient witnesses." (Def.'s Mot., ECF No. 83, 4.) Mastec opposes the stay, arguing it is neither required nor warranted. (Pl.'s Resp., ECF No. 89.) Cobra timely filed its reply. (Def.'s Reply, ECF No. 97.) The Court has carefully considered the parties' briefing and the record in this case and **denies** Cobra's motion for a stay. (**ECF No. 83**.)

1. **Background and Facts**

MasTec alleges Cobra tortiously interfered with its $500 million contract with the Puerto Rico Electric Power Authority, executed in the wake of the destruction caused by Hurricane Maria in Puerto Rico in 2017. (Pl.'s Resp. at 2.) According to MasTec, Cobra's interference was effected through a bribery scheme, masterminded by Cobra's former president, Donald Keith Ellison, and executed with the help of Asha Nateef Tribble, a deputy regional administrator for FEMA. (*Id.*) Both Ellison and Tribble are defendants in a criminal proceeding, pending in the District of Puerto Rico, initiated by a 2019 indictment. There is no dispute that many of MasTec's allegations in this civil litigation echo the Government's allegations in the indictment.

---

[1] In a prior order, the Court dismissed MasTec's claims against Defendant Mammoth Energy Services, Inc. (Order, ECF No. 49.)

In this case, initiated in January 2020, trial is set for September 2021 and fact discovery has now closed. The trial date in the criminal case had, at one point, been set for January 2021, but that setting was vacated on November 2, 2020, and a new trial date has not yet been set.

**2. Discussion**

"It is the rule, rather than the exception that civil and criminal cases proceed together." *Transamerica Life Ins. Co. v. Brickman*, 615CV1919ORL41-TBS, 2016 WL 3552748, at *2 (M.D. Fla. June 30, 2016) (cleaned up). Courts in this circuit routinely deny stays of civil proceedings pending resolution of a criminal trial because "[t]he Eleventh Circuit has articulated a narrow set circumstances which require that a stay be granted." *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015) (Bloom, J.) (cleaned up). "[A] court *must* stay a civil proceeding pending resolution of a related criminal prosecution *only* when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir.1994) (emphases added). "District courts have broad discretion in deciding whether to stay proceedings, incidental to their powers to control and efficiently manage their dockets." *Young v. Miami-Dade County*, 217 F. Supp. 3d 1353, 1354–55 (S.D. Fla. 2016) (Altonaga, J.). Further, any stay must be "kept within the bounds of moderation," and, so, "a stay of indefinite duration in the absence of a pressing need" will constitute an abuse of discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 256 (1936). Courts in this district have frequently turned to the following factors to evaluate whether a stay is appropriate when there are parallel and civil and criminal proceedings: (1) the private interests of the civil litigants in proceeding expeditiously compared to enduring the proposed delay; (2) the status of the criminal case; (3) the interests of the courts and the public; and (4) the extent of overlap between the civil and criminal cases. *See Investments v. Rothstein*, 10-60786-CIV, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (Cooke, J.).

In reviewing the relevant standards and factors here, the Court concludes a stay is neither required nor warranted. Importantly, the Court does not find Cobra has shown it will be seriously prejudiced absent a stay. Cobra points to the following in support of its argument that it will suffer significant prejudice without a stay: (1) it cannot access certain documents produced by the United States Attorney's Office to Ellison; (2) neither Ellison nor Tribble will likely be available to testify, as a result of invoking their Fifth Amendment rights, while their criminal cases are pending; and (3) Ellison's invoking his Fifth Amendment rights may warrant an adverse inference against Cobra. The Court does not find Cobra's arguments particularly persuasive. First, there is no indication Cobra

has ever asked the district court in Puerto Rico for a modification of the protective order in Ellison's criminal case or otherwise petitioned that court for access to the prosecution's discovery production. Second, Cobra fails to explain why the documents it seeks from Ellison are not otherwise available to it through the extensive discovery Cobra has been entitled to seek through this civil litigation. In short, Cobra has failed to show it has no other way of accessing the documents it seeks from Ellison. Lastly, Cobra has failed to provide any specifics regarding its particular need for the documents. Instead, Cobra broadly claims "these documents are the foundation of the government's case against Mr. Ellison, have already been deemed relevant to this matter by [the magistrate judge], and likely include exculpatory *Brady* material that could undermine . . . the allegations in MasTec's complaint." (Def.'s Mot. at 10.) But without more detail about the specific allegations Cobra thinks will be rebutted by the prosecution's files, the Court is hard pressed to discern any particular prejudice, never mind a significant prejudice.

      Next, the Court is also not convinced that Cobra will likely face significant prejudice as a result of Ellison and Tribble's invocation of the Fifth Amendment. While the Court acknowledges Cobra's concerns about the potential for an adverse inference, arising from Ellison's invoking his Fifth Amendment, at the same time Cobra's other complaints are long on generalities and short on specifics. For example, Cobra fails to provide any "explanation as to why [it cannot] use the testimony of other parties to substantiate [its] defense." *Lot 5*, 23 F.3d 359, 364 (11th Cir. 1994). Cobra has also offered no reason why the discovery Cobra has obtained to date, in this case, would be insufficient to support its defense or why its defense rests solely on Ellison and Tribble's testimony. The Court agrees with MasTec that, absent that explanation, proceeding without their testimony does not appear to provide a basis to stay this case. *See Sec. & Exch. Comm'n v. Fernandez*, 619CV1843ORL37LRH, 2020 WL 4743025, at *2 (M.D. Fla. Apr. 15, 2020) (denying a stay where it appeared the defendant could defend himself by resorting to other witnesses); *Pellegrino*, 147 F. Supp. 3d at 1382 (Bloom, J.) (denying stay where the defendants "failed to show . . . why they [could ]not substantiate their defense by using the testimony of other parties, expert testimony, or other evidence") (cleaned up). And, so, while the Court agrees Cobra will likely suffer some prejudice from a potential adverse inference, the Court does not find the overall prejudice nearly as significant as Cobra claims it to be. *See S.E.C. v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008) ("[T]he blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay.").

      On the other hand, the Court also finds MasTec will itself suffer some prejudice should the Court grant Cobra's request for a stay. On November 2,

2020, the district court in Puerto Rico vacated the January 2021 trial set in Ellison and Tribble's criminal case. Though Ellison's criminal counsel has represented to the Court that the trial will likely go forward in late summer or early fall 2021, the trial date has yet to be actually set. Without this information, Cobra's stay request is, thus, open ended. This amounts to, at best, a stay of five or six months, and, at worst, an indefinite stay, which is disfavored by the Eleventh Circuit. *See Wright v. Bluestem Brands, Inc.*, 1:17-CV-10-MW/GRJ, 2017 WL 1862477, at *1 (N.D. Fla. May 7, 2017) ("The Eleventh Circuit disfavors indefinite stays."). Further, in light of the status of this case, in which fact discovery has concluded and where Cobra waited over three months after finding out the criminal trial date had been canceled before seeking a stay, even a stay of only five months—apparently the best-case scenario—is significant. *Cf. Young*, 217 F. Supp. 3d at 1355–56 (noting that an early-filed motion for a stay, rather than one filed once discovery has closed, lessens the prejudice to the plaintiff) (also finding the requested stay warranted where "no discovery would be abandoned . . . and no court deadlines postponed"); *see also United States ex rel. Silva v. VICI Mktg., LLC*, 8:15-CV-444-T-33TGW, 2019 WL 448763, at *3 (M.D. Fla. Feb. 5, 2019) (noting that adding "additional time between the events in question" and trial raises concerns about witnesses' fading memories).

      Cobra additionally submits that the interests of the Court and the public weigh in favor of a stay. According to Cobra it is in the best interest of the Court, the general public, and various parties implicated by MasTec's allegations, to stay this case until Ellison and Tribble's testimony and Ellison's *Brady* materials are available. Cobra argues that proceeding without this "key evidence" will "interfere with a just result." (Def.'s Mot. at 14.) Cobra fails to explain, however, how a just result cannot be achieved using the considerable evidence already produced in this case. In other words, Cobra offers no support for its bald claims that the "truth" can only be revealed with Ellison and Tribble's testimony and Ellison's *Brady* materials. *Young*, 217 F. Supp. 3d at 1355 ("Courts have denied stays where the defendant is deemed able to substantiate its defense using evidence other than its own testimony, for instance, using testimony from other witnesses."). Moreover, the Court and the public have an interest in the expeditious resolution of this case. *See Silva*, 2019 WL 448763, at *4 (denying stay, in part, because of a court's general "interest in moving cases forward and resolving the cases on its docket"); *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2015 WL 5247809, at *3 (M.D. Fla. Sept. 8, 2015) (denying stay and noting: "the discovery deadline is looming, as well as the date for filing dispositive motions, and public policy favors the timely resolution of this civil case").

Lastly, there is no dispute that MasTec's claims arise from the same bribery scheme described in the criminal indictment against Ellison and Tribble. The identity of issues, however, is not so close that a finding of guilt, or not, in the criminal trial will dictate the outcome in this case. *Cf. Lay v. Hixon*, CIVA 09-0075-WS-M, 2009 WL 1357384, at *3 (S.D. Ala. May 12, 2009) (determining a stay warranted where the dispositive issue in the plaintiff's criminal trial was also dispositive in the civil litigation). Ultimately, the Court does not find the nature of the commonalities between the cases enough to support a stay.

### 3. Conclusion

After evaluating and weighing the various relevant factors, as set forth above, the Court finds there are no special circumstances that require a stay in this case. Nor does the Court find that it should otherwise exercise its discretion, at this time, to stay this case. That said, the Court orders MasTec to immediately advise the Court if there are any significant changes to the status of the criminal case pending in the district court in Puerto Rico. To the extent any developments in the criminal proceedings would clearly alter the Court's above analysis, either party may file a renewed motion to stay. Accordingly, the Court **denies** Cobra's motion to stay (**ECF No. 83**) but with **leave to renew** should circumstances arise that would explicitly require the Court's reevaluation of the relevant factors.

**Done and ordered**, at Miami, Florida, on March 26, 2021.

Robert N. Scola, Jr.
United States District Judge