UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-20263-RNS

MASTEC RENEWABLES PUERTO RICO,
LLC,

      Plaintiff,

v.

MAMMOTH ENERGY SERVICES, INC. and
COBRA ACQUISITIONS, LLC,

      Defendants.

_____

## MASTEC RENEWABLES PUERTO RICO, LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Mastec Renewables Puerto Rico, LLC ("MasTec"), moves to enforce the settlement announced to this Court on August 3, 2021, by the parties (D.E. 135), and in support states as follows:

### I. Background

1. On January 21, 2020, MasTec filed a complaint against Defendants Mammoth Energy Services, Inc., and its subsidiary Cobra Acquisitions, LLC, alleging RICO violations and business torts stemming from the reconstruction of Puerto Rico in the aftermath of Hurricane Maria.

2. After months of discovery, and with summary judgment pending and a trial date approaching, the parties reached a Settlement Agreement. That Agreement is attached as Exhibit A to this motion.

3. In ordering dismissal, and pursuant to the contingency provision included in the parties' Joint Stipulation for Dismissal (D.E. 125), this Court specifically "reserve[d] jurisdiction to enforce the parties' settlement agreement." (D.E. 136).

4. In relevant part, the terms of that agreement dictated that Cobra would pay to MasTec the sum of $25,000,000 in three installments. *See* Composite Ex. A ¶¶ 1–3 (two copies of Settlement

Agreement with respective signatures). The first payment of $6,500,000, was due on August 2, 2021. *Id*. ¶¶ 1–2. This installment was timely paid.

5. The second payment of $9,250,000 plus interest at terms identified in paragraph 3 of the Agreement, for a total of $10,637,500, was due on August 1, 2022. *Id.* Cobra failed to pay any sums to MasTec in satisfaction of the second payment term.

6. In fact, despite the clear language of the Settlement Agreement, in its Second Quarter 2022 financial results released on July 28, 2022, Mammoth publicly declared that "[n]either Cobra Acquisitions LLC nor Mammoth plan to make the scheduled settlement payment due on August 1, 2022 to Mastec [sic] Renewables Puerto Rico, LLC, but expects to make the payment on or before December 1, 2022."[1]

7. It is thus undisputed that Cobra is now in breach of the Settlement Agreement.

## II. Argument

"When a district court's dismissal order either incorporates the terms of the settlement agreement or expressly retains jurisdiction to enforce the settlement, the agreement functions as a consent decree that the district court has jurisdiction to enforce." *Disability Advocates and Counseling Grp., Inc. v. E.M. Kendall Realty, Inc.*, 366 F. App'x 123, 125 (11th Cir. 2010). Because "[a] settlement agreement is a contract," "its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Under Florida law, "settlements are highly favored and will be enforced whenever possible." *Coquina Invs. V. TD Bank, N.A.*, 760 F.3d 1300, 1318 (11th Cir. 2014) (quoting *Robbie v. City of Miami*, 469

---

[1] *Mammoth Energy Servs., Inc. Announces Strong Second Quarter 2022 Operational and Financial Results*, PR NEWSWIRE, *available at* https://www.prnewswire.com/news-releases/mammoth-energy-services-inc-announces-strong-second-quarter-2022-operational-and-financial-results-301595697.html (July 28, 2022).

So. 2d 1384, 1385 (Fla. 1985)). And as with any contract, courts "must enforce the plain meaning of the settlement agreement's unambiguous provisions." *Ocasio v. Foods of S. Fla., Inc.*, 15-21797-CV, 2018 WL 1863640, at *4 (S.D. Fla. Jan. 31, 2018), *report and recommendation adopted*, 2018 WL 1859331 (S.D. Fla. Mar. 15, 2018) (quoting *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 393 (11th Cir. 2009)).

Indeed, pursuant to Supreme Court and Eleventh Circuit authority, where, as here, the Court properly retains jurisdiction over the enforcement of a settlement agreement in an order of dismissal, "a breach of the agreement would be a violation of the order" subject to a finding of contempt. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (noting under Federal Rule of Civil Procedure 41(a)(1)(ii), "the court is authorized to embody the settlement contract in its dismissal order or, *what has the same effect*, retain jurisdiction over the settlement of the contract") (emphasis added); *see Anago Franch. Inc. v. Shaz LLC*, 677 F.3d 1272, 1280–81 (11th Cir. 2012) (holding one of the two ways in which parties can bring the enforcement of a settlement agreement within *Kokkonen*'s purview is by "condition[ing] the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction").

Defendant Cobra has unequivocally and publicly acknowledged that it has breached the parties' Settlement Agreement. That Agreement's terms regarding the payment installments due to Plaintiff are clear and unambiguous. *See* Ex. A ¶¶ 1–3. Accordingly, this Court can and should enter an Order enforcing those terms and requiring Cobra to satisfy the second payment installment of $10,637,500 ($9.25 million initial payment plus contractual interest per paragraph 3 of the Settlement Agreement), together with statutory interest, within five (5) business days of the entry of that Order.

**WHEREFORE**, MasTec Renewables Puerto Rico, LLC, requests that the Court enter an Order enforcing the Settlement Agreement, requiring Cobra to remit payment of $10,637,500, ($9.25

3

million initial payment plus contractual interest per paragraph 3 of the Settlement Agreement), together with any accrued statutory interest, within five (5) business days of the entry of the Order, and all other relief this Court deems appropriate.

DATED: August 2, 2022.

> Respectfully submitted,
>
> /s/ *Benjamin Widlanski*
> Benjamin Widlanski, Esq.
> Florida Bar No. 1010644
> bwidlanski@kttlaw.com
> Jorge Piedra, Esq.
> Florida Bar No. 88315
> jpiedra@kttlaw.com
> Tal J. Lifshitz, Esq.
> Florida Bar No. 99519
> tjl@kttlaw.com
> Rachel Sullivan, Esq.
> Florida Bar No. 815640
> rs@kttlaw.com
> **KOZYAK TROPIN & THROCKMORTON LLP**
> 2525 Ponce de Leon Boulevard, 9th Floor
> Coral Gables, Florida 33134
> Telephone: (305) 372-1800
> Facsimile: (305) 372-3508
>
> *Counsel for Plaintiff MasTec Renewables Puerto Rico, LLC*

### LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the undersigned made a good faith effort to confer with counsel for Defendants regarding the relief requested herein. Defendants object to the Motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 2, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF notification to all counsel of record.

/s/ *Benjamin J. Widlanski*
Benjamin J. Widlanski